CHARLES, APPELLANT, v. VARIAN ET AL., APPELLEES.

1. PRACTICE—DISCRETION.
Courts rarely permit parties when giving evidence in rebuttal to introduce that which ought to have been put in when they were making out their own side of the case, but a departure from this practice is not reversible error unless it can be seen that it was a great abuse of discretion and that the other party was prejudiced thereby.

2. APPELLATE PRACTICE.
When the judgment is fully supported by testimony, this court is free to accept the determination of the trial judge upon the facts, and is never inclined to disturb it.

*Appeal from the District Court of Arapahoe County.*

Mr. JOHN R. SMITH, for appellant.

Mr. JAMES H. BROWN and Mr. MILTON SMITH, for appellees.

BISSELL, P. J., delivered the opinion of the court.

During the year 1888, Varian and Sterner, the appellees, were architects engaged in the practice of their profession in the city of Denver. In the spring of the year, John Q.

Charles came to their office to engage their services in the preparation of plans and specifications for the construction of a dwelling house.  Several conferences were held between the architects and Charles and his wife concerning the general character of the projected dwelling.  These resulted in what the architects claimed was an employment to prepare what was needful for the purposes of the contemplated house. The appellant disputes the circumstances and the terms of the employment, and contends there were certain limitations which would defeat the recovery if established.  There is also a controversy between the parties as to the amount which was to be paid.  Mr. Charles contends that no compensation was payable, except in the event of his acceptance of the plans, which was to be followed by the construction of the house, and that whatever pay the architects should receive was to be computed as a percentage on the cost, which would cover both the plans and the superintendency of the construction.  On the other hand, the architects insist that neither of these limitations was placed upon the hiring ; but that they were employed generally to prepare the plans, and were entitled to compensation based upon the reasonable value of such services, and were in no wise chargeable with a responsibility growing out of the failure to erect the building.  The case was tried to the court without the intervention of a jury, and the architects got judgment for three hundred dollars, from which Mr. Charles appeals.

Substantially, there are only three errors insisted upon by the appellant in his briefs, and to us none of them seem to be well laid.  A very learned argument has been filed in maintenance of the proposition, that wherever an action is brought under the code, and the plaintiff declares in the old and well known form of the common counts to recover the value of services performed under a contract, he can only recover upon proof of performance of the contract as an entirety, and he may not have judgment for the value of his services as upon a *quantum meruit*.  It is insisted that to per-

mit a plaintiff to declare in that form, and then to allow him
to have the damages sustained by reason of the breach of a
contract which he was prevented from performing by the acts
of the other party, is to justify a judgment where there has
been a total variance between the pleadings and the proof.
We are not called upon to settle this somewhat difficult and
troublesome question. Whether such a variance would be
available to reverse a judgment, when it is possible to deter-
mine from the record that justice has not been done, need not
be considered. The fundamental difficulty with the argu-
ment in the present case is that counsel assume the contract
to be an entirety, and that there was a failure to perform ac-
cording to its terms on the part of the architects. This is
not necessarily true. There is evidence in the record which
tends to show that the architects were hired to prepare plans
for a house according to the general outlines given by the
contemplated builder, and that there was no such limitation
upon the hiring as to compel them to make plans which should
be wholly satisfactory to him, or to make plans for his inspec-
tion which might or might not be used at his option—in
which event the compensation of the architects might be de-
pendent upon the performance of the subsequent work by the
employer. Since this is true, even though we should concede
the proposition to be well laid, we have the right to conclude
that the court found the contract to be as the architects
claimed it, to wit: An employment to prepare plans for
which Charles would become obligated even though he might
never use them, and the building might never be erected.
Under these circumstances, there is no rule which compels
us to adopt the appellant's theory, and then hold that there
is a variance which renders the judgment irregular. We
must conclude that, upon this proposition, the court found
the facts to be as the architects claimed them.

The appellant also insists that some of the evidence which
was received was inadmissible, because the witness was per-
mitted to testify on the subject of the value of the services,
when the plaintiff had not declared as for his damages, for

the breach of a contract. The preceding discussion on the subject of variance disposes of this objection.

Very great stress is laid on the point that the court departed from the well settled forms of practice in the trial of cases in permitting the plaintiffs to introduce, on their rebuttal, evidence which tended to support their theory that the contract was one of a hiring to prepare plans, so made and in such terms as to permit them to recover the value though the plans were never used. The appellant insists that, although by way of defense he attempted to show the agreement to pay was dependent upon the acceptance and use of the plans, they might not by way of overcoming his evidence offer in support of their complaint proof which might legitimately have been produced while their case was being made. As a general proposition doubtless this is true, and courts very seldom depart from this practice, and rarely permit parties when giving evidence in rebuttal to offer that which ought to have been put in when they were making out their own side of the controversy. Conceding this proposition, the departure from the practice will never be made an opportunity to upset a judgment, unless it can be seen that there was a very great abuse of the court's discretion in this matter, and that the other side was prejudiced by the court's action. We do not remember any case in which a judgment has been reversed because of such an exercise of discretion on the part of the trial court. It often happens in the trial of cases, that through the oversight of counsel, or by reason of an erroneous exercise of judgment, they have failed to offer important evidence when they were making out their case, and have been compelled to appeal to the court for leave to introduce it in rebuttal. Unless it plainly appears that the ends of justice have manifestly been defeated by the practice, it would not do to say the judgment cannot be permitted to stand.

The only other error on which counsel insists is the one that is always urged upon our attention—that the finding is not supported by the evidence. This *omnium gatherum* is

universally resorted to, very much as the equity pleader concludes his prayer for relief with the formal words " and for such other and further relief." This is no ground for a reversal of the present judgment. The case contains testimony which fully supports the decision, and whatever might be our own conclusions concerning its weight or concerning its preponderance, we are without the right, under the circumstances, to say that the court erred in its conclusions. In cases of conflict like this, we are free to accept the determination of the trial judge, and are never inclined to disturb it.

The foregoing discussion disposes of all the errors which have been argued by counsel or which can be legitimately raised upon the record, and since the judgment of the court does no violence to the law as we conceive it to be, we shall affirm the judgment.

*Affirmed.*